**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 08-669** |
| **v.** | ) | **Judge David H. Coar** |
| | ) | |
| **CHRISTOPHER WEST, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**MOTION IN LIMINE OF THE UNITED STATES TO PRECLUDE
EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION**

The United States respectfully moves this Court, pursuant to Rule 12(b) of the Federal

Rules of Criminal Procedure and Rules 401, 402, and 403 of the Federal Rules of Evidence, for

an order *in limine* prohibiting certain evidence and arguments by the defendants aimed at jury

nullification.  Specifically, the United States moves this Court to preclude defendants from

offering evidence concerning, or referring in opening statements or arguments, to the irrelevant

and prejudicial issues of the circumstances of the respective arrests or travel to the United States

prior to arrest of the individual defendants Assad John Ramin, Tahir Ramin, Noor Alam, and

Abdul Qudoos Bakshi, or the travel to the United States of other individuals held as material

witnesses, none of which have any bearing on defendants' guilt or innocence of the charged

conduct.  The only reason defendants might offer such evidence or argument is for the

impermissible purpose of encouraging jury nullification.  Therefore, the United States

respectfully requests the Court to enter the proposed order preventing such improper evidence

and argument.

## **ARGUMENT**

The jury's sole duty in this case, as in any criminal case, is to be the finder of fact with respect to whether the United States has proven the elements of the charged offenses. *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("a jury determine[s] only questions of guilt or innocence").  The question for the jury in this matter, therefore, will be whether the evidence establishes that the defendants conspired to and did bribe public officials or conspired to commit mail fraud, as charged in the Indictment.  The relevant evidence in this case will relate to events that transpired years before any defendant or material witness traveled to the United States or was detained by authorities in this matter.[1]

It is well established within the Seventh Circuit that jury nullification – asking the jury to decide a case on extraneous matters – is "an aberration in our [legal] system." *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) (citing *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)); *see also United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006) (holding argument that presents an invitation to jury nullification is improper).  "[T]he defendant has no right to invite the jury to act lawlessly." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996).  When the only purpose of evidence is to encourage jury nullification, it should be excluded. *See, e.g., United States v. Warner*, 396 F. Supp. 2d 924, 936 (N.D. Ill. 2005) (citing *Perez*, 86 F.3d at

---

[1] The United States recognizes that the voluntariness of statements made by the individual defendants subsequent to their arrest, including in particular the statements of Tahir Ramin, ultimately is a question of fact for the jury.  As the Court has recognized, however, the travel that preceded this statement simply is not relevant to the voluntariness of the statement.   Hearing Regarding Tahir Ramin's Motion to Suppress, October 9, 2009, R. at 160: 22-24 (documents related to defendant's travel prior to statement "don't go directly to anything"); R. at 165:18-25 ("The notion that the government somehow has to buy a particular range of ticket ... to get somebody into the country is just beyond my comprehension.").

736); *United States v. Dochee*, 2009 U.S. Dist. LEXIS 2814 at *1-2 (N.D. Ill. 2009); *United States v. Palumbo Bros.*, 1998 U.S. Dist. LEXIS 1756 at * 7-8 (N.D. Ill. 1998). Similarly, defense counsel argument that would lead to jury nullification is properly excluded from the jury as a matter of law. *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988); *United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977).

Application of these fundamental principles to the facts of this case leads to the conclusion that the Court should preclude evidence and argument relating to the detention, arrest, or travel to the United States of the individual defendants and the travel to the United States of the material witnesses. Evidence or argument that seeks to put these details to the jury has no bearing on the elements the government must prove to establish the offenses charged.[2] *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (noting "it is quite outside the law" when "the only thrust of the defense is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond reasonable doubt"). Nonetheless, the United States anticipates that some or all of the defendants may, in an effort to encourage jury nullification, attempt to offer evidence or otherwise to inject into the trial, through argument or cross-examination, information regarding aspects of the individual

---

[2] The basic principles of relevance are well known to the Court. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

defendants' or material witness' travel to the United States[3] or their arrest once in the country.[4]

Not only would allowing such evidence before the jury be irrelevant to the decision the jurors must reach in deciding the case and invite them to decide the case on an improper basis, it would inject into the trial issues that would consume significant amounts of the jury's time and attention. Once introduced, such evidence would be difficult to contain. Indeed, defendants already have signaled their plans to go to great lengths to introduce evidence related to irrelevant issues of defendants' travel to the United States, including, for instance, evidence regarding alternative ticket prices and flight plans to the United States obtained from a third-party travel website. Hearing Regarding Tahir Ramin's Motion to Suppress, October 9, 2009, R. at 163:5 - 166:14. If allowed, in addition to testimony and documents introduced by defendants, the government would be required to cross-examine the defendant's sources of evidence regarding the treatment of individual defendants or material witnesses and potentially to call multiple witnesses of its own to disprove defendants' claims. The result would be a time-consuming and juror-distracting "trial within a trial" that has nothing to do with the guilt of defendants. *See*

---

[3] Facts regarding these issues have been outlined by the government in the Response of the United States to Tahir Ramin's Motion to Suppress Interview Statements at 1-5.

[4] Counsel for various defendants already created a record suggesting this is their intention, and in various filings and proceedings before the Court have presented exaggerated recitations of the facts that have as an obvious purpose the portrayal of actions of government agents in this investigation in a highly unfavorable light. *See, e.g.,* Deposition of Material Witness Zayulhaq, October 21, 2009, at R. at 34:23-36:6, 37:12- 40:22 (questioning by counsel for Tahir Ramin); Deposition of Material Witness Bashir Ahmad, October 21, 2009, R. at 54:11- 62:23, 72:12-75:23 (questioning by counsel for Noor Alam); Hearing Regarding Tahir Ramin's Motion to Suppress, October 9, 2009, R. at 76:8 - 79:11 (questioning of DCIS Special Agent John Todd by counsel for Tahir Ramin regarding failure to purchase a business class seat for Tahir Ramin); Memorandum in Support of Defendant Tahir Ramin's Motion to Suppress Interview Statements.

*Griffin*, 867 F. Supp. at 1347 (lamenting the "increasing tendency in criminal cases to try some person other than the defendant and some issue other than his guilt") (quotations and citations omitted).

Moreover, assuming *arguendo* that the Court deems such evidence relevant, such evidence should be excluded as prejudicial, as its probative value is "substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed. R. Evid. 403. Defendants already have signaled that they would introduce such evidence in the most inflammatory manner possible, in an effort to seek acquittal based on juror sympathy over a perceived wrong by government agents or arresting officers. Allowing them to present evidence and argument of these irrelevant issues in the manner they already have previewed would cause the trial to degenerate into a proceeding to determine the appropriateness of the government's agents' actions leading to the arrest of the defendants and the detention of the material witnesses instead of a proceeding to determine the defendants' guilt of the conduct charged in the Indictment.

Evidence of the defendants' travel to the United States is particularly irrelevant to their individual guilt. It is well-established that the manner by which a criminal defendant is brought to trial has no bearing on the government's ability to try him.[5] *United States v. Mitchell*, 957 F.2d 465, 470 (7th Cir. 1992) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952) and *Ker v. Illinois*, 119 U.S. 436 (1886)). In this case, the circumstances under which the individual defendants and material witnesses traveled to the United States in advance of their detention has no bearing

---

[5] The Court recognized the long-standing law on this issue during the Hearing Regarding Tahir Ramin's Motion to Suppress, October 9, 2009, R. at 161: 5-8.

whatsoever on the elements the government must prove to establish guilt.[6] Likewise, there simply is no relevance to any issue to be considered by the jury in the flight path, duration of the flight, or the seats assigned to any individual defendant during his travel.

In a similar vein, the circumstances of arrest or detention of the individual defendants is in no way connected to the facts of the case or the defendants' participation in the bribery and conspiracy activity charged. *Cf. United States v. Hargrove*, 929 F.2d 316, 320 (7th Cir. 1991) (evidence of defendant's arrest was "intricately related to the facts of the case" and "related directly to [defendant's] participation in the charged conspiracy."). All defendants arrested in connection with this case were detained based on their individual involvement in the indicted conduct, all of which was complete by 2005, years before their detention.

The United States, therefore, urges the Court to ensure the fair and expeditious trial of this case by directing defendants not to offer any evidence, or to suggest or argue, either directly or indirectly, anything relating to the circumstances of the respective detentions, arrests, or travel to the United States of individual defendants Assad John Ramin, Tahir Ramin, Noor Alam, and Abdul Qudoos Bakshi, or the travel to the United States of other individuals held as material witnesses. Such evidence or argument can serve only the impermissible purpose of jury nullification and should be excluded.

---

[6] Counsel for defendant Tahir Ramin previously conceded to the Court that the relevance of the circumstances of Tahir Ramin's travel to the United States has nothing to do with his guilt or innocence of the charged conduct. Hearing on Defendant Tahir Ramin's Mot. to Suppress, October 9, 2009, R. at 160: 9-12 ("the relevance is that it goes directly to ... what he's thinking he's participating in when he walks off the jet bridge.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion In Limine of the United States to Preclude

Evidence and Argument Aimed at Jury Nullification should be granted.


DATED this 18th day of December, 2009.


                                        Respectfully submitted,

                                        <u>/s/ *Mark Rosman*          </u>
                                        MARK ROSMAN
                                        MARK W. PLETCHER
                                        KENNETH W. GAUL
                                        EMILY W. ALLEN
                                        Trial Attorneys, Antitrust Division
                                        U.S. Department of Justice
                                        405 5th Street NW, Suite 11300
                                        Washington, D.C. 20530
                                        Telephone: (202) 307-0946
                                        Facsimile: (202) 514-6525
                                        emily.allen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December 2009, the foregoing MOTION IN LIMINE OF THE UNITED STATES TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION was filed electronically and to the best of my knowledge, information and belief, counsel for defendants Christopher West, Patrick Boyd, Assad John Ramin, Tahir Ramin, Noor Alam, Northern Reconstruction Organization, Abdul Qudoos Bakhshi, and Naweed Bakhshi Company will be notified through the Electronic Case Filing System.

/s/ *Emily W. Allen*
EMILY W. ALLEN
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0946
Facsimile: (202) 514-6525
emily.allen@usdoj.gov