**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 08-CR-669** |
| **v.** | ) | **Judge Coar** |
| | ) | |
| **John Ramin and Tahir Ramin, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**RESPONSE OF JOHN RAMIN AND TAHIR RAMIN TO THE GOVERNMENT'S
MOTION TO PRECLUDE CERTAIN EVIDENCE**

Defendants John and Tahir Ramin (collectively the "Ramins") respectfully submit this

opposition to the Motion in Limine of the United States to Preclude Evidence and Argument

Aimed at Jury Nullification (the "motion") (Docket No. 354).  The government's motion appears

to seek an order barring the defendants from inquiring, on cross examination of three

government witnesses, into the circumstances under which those witnesses were taken into

custody and entered into non-prosecution agreements with the government.  The motion also

seeks to preclude defendant Tahir Ramin from cross examining the agents who took his post-

arrest statements concerning the circumstances of his custodial interrogation.  Because there is

no merit to the government's motion and because it is premature in any event, the motion should

be denied.

**FACTUAL BACKGROUND**

In August 2008, the Government created an elaborate ruse in order to lure four individual

Afghan defendants and three Afghan witnesses to the United States from Afghanistan.  The

Government invited the seven Afghanis to the United States to be honored by the Department of

Defense for their work as U.S. contractors at Bagram Airfield in Afghanistan.  As an

1

inducement, the Government offered the men free airfare, lodging and meals in conjunction with the trip. Six of the seven accepted the Government's invitation, traveled to the United States and landed in Chicago on August 25, 2008.

Upon arrival in the United States after an unnecessarily lengthy journey of more than 36 hours, the men were each interviewed extensively. Tahir Ramin, Noor Alam and Abdul Bakshi were arrested based upon a sealed indictment. Three of the four material witnesses, Bashir Ahmad, Kiomars Rafi, and Ziaulhaq, were arrested based upon a material witness warrant.

During interviews on the day of their arrest, some of the witnesses denied any knowledge of bribes or of crimes committed by the defendants. Nevertheless, the material witnesses were held without bail before being released from custody and placed on electronic monitoring.

On October 21-22 and 27, 2009, more than 15 months after they were first taken into custody and kept in the United States under house arrest, the material witnesses were deposed in this matter. Thereafter, on November 24, 2009, the material witnesses were discharged by the Court and permitted to return to the Afghanistan. Of course, the defendants who were lured to the United States remain here pending trial.

## ARGUMENT

I.     THE CIRCUMSTANCES SURROUNDING THE ARREST AND DETENTION OF
       THE MATERIAL WITNESSES, AS WELL AS THE FACTS SURROUNDING THEIR
       AGREEMENTS WITH THE GOVERNMENT TO TESTIFY, ARE RELEVANT AND
       PROBATIVE OF THEIR BIAS AND MOTIVE

The "bias" of a witness concerns the relationship between a party and the witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." Bias may be induced by the witness' "like, dislike, or fear of a party, or by the witness's self-interest." United States v. Abel, 469 U.S. 45, 52 (1984). Proof of bias is "almost always relevant" and extrinsic evidence of it is admissible. Id. Indeed, the Confrontation Clause "requires a defendant to have some opportunity to show bias on the part of a prosecution

witness." Id. at 50 (citing Davis v. Alaska, 415 U.S. 308 (1974)).  Bias is governed by Federal

Rule of Evidence 611(b), which specifically provides that cross-examination include "matters

affecting the credibility of the witness."

    "[T]he exposure of a witness' motivation in testifying is a proper and important function

of the constitutionally protected right of cross-examination."  Davis v. Alaska, 415 U.S. 308, 316

(1974).  A trial court commits constitutional error if it merely allows a defendant to ask the

prosecution witness "whether he is biased" while not allowing defense counsel to explore the

facts underlying "why the witness might have been biased or lacked impartiality."  Davis v.

Alaska, 415 U.S. 308, 316 (1974).  Indeed, the issue of bias for witness cooperating with the

government is particularly important, as the Seventh Circuit has noted, "a cooperating witness

'often has a greater interest in lying in favor of the prosecution rather than against it. . . . '"

United States v. Warner, 396 F.Supp.2d 924, 929 (7th Cir. 2005) (citing Washington v. Texas,

388 U.S. 14, 22-23 (1967)).

    "The partiality of a witness is…'always relevant as discrediting the witness and affecting

the weight of his testimony.'" Davis v. Alaska, 415 U.S. at 316 (quoting 3A J. Wigmore,

Evidence s 940, p. 775 (Chadbourn rev. 1970)).  A major function of cross-examination is to

show that the witness is biased, prejudiced, or untrustworthy for any reason.  Exploration of

possible biases, prejudices, or ulterior motives of the witness…is a particular means to attack the

witness's creditability, and…is admissible, Davis v. Alaska, 415 U.S. 308, 316 (1974); U.S.

Turner, 198 F.3d 425, 429 n. 2 (4th Cir. 1999).

    Indeed, the Seventh Circuit has stated that "[d]efendants are certainly entitled to inquire

as to the witness's possible motivation to testify in order to test his or her credibility."  United

States v. Warner, 396 F.Supp. 2d 924, 938 (7th Cir. 2005) (citing United States v. Nelson, 39

F.3d 705, 708 (7th Cir. 1994) ("The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right to cross-examination.").

A.    <u>Reliability of the Witnesses</u>

The facts and circumstances concerning the control the government placed over the witnesses are directly relevant to the credibility of those witnesses.  It seems self-evident that the witnesses may have been motivated by a desire to please the government in order to obtain their freedom and be permitted to return home to their families in Afghanistan after **15 months** of being held against their will in the United States before depositions were taken.  Such a desire certainly may have led the witnesses to color their testimony such that it would be helpful to the government.

Moreover, the circumstances of the ruse and of their detention may have caused the material witnesses to resent or blame the defendants for their predicament.  The arrest and detention of each of the material witnesses arose out of their employment with the defendants. As a result, the witnesses may have developed not only a fear of the United States government (which restricted their movement and stood between them and an opportunity to return home), but also resentment towards the defendants and their companies.  In short, the witnesses had obvious motives to make statements favorable to the government's position

The facts and circumstances surrounding the witnesses' arrival in the United States and their subsequent detention are inextricably intertwined with the non-prosecution agreements pursuant to which the witnesses testified.  To preclude cross-examination of the witnesses concerning how they were brought to this country and how they were held for more than a year by the government before they changed their testimony and were given non-prosecution agreements would prejudice the right to confront witnesses and would tend to mislead the jury about the witnesses' true motives.

II.     IF THE GOVERNMENT INTRODUCES TAHIR RAMIN'S POST-ARREST
        STATEMENTS, HE MUST BE PERMITTED TO INQUIRE INTO THE
        CIRCUMSTANCES OF HIS ARREST

        The facts and circumstances surrounding the manner in which agents questioned the

defendant Tahir Ramin upon his arrival in the United States are directly relevant to the validity

of the statements and the weight they should be afforded by the jury.  Indeed, pursuant to 18

U.S.C. § 3501(a), the Court **must** permit the jury to hear evidence relevant to the issue of

voluntariness and **must** instruct the jury to evaluate the weight to be given to the statement based

on **all** the circumstances.

> Before such confession is received in evidence, the trial judge shall, out of the
> presence of the jury, determine any issue as to voluntariness.  If the trial  judge
> determines that the confession was voluntarily made it shall be admitted in
> evidence and the trial judge shall permit the jury to hear relevant evidence on the
> issue of voluntariness and shall instruct the jury to give such weight to the
> confession as the jury feels it deserves under all the circumstances.

18 U.S.C. § 3501(a).

        The mandates of § 3501(a) are fully supported by the Supreme Court and the Seventh

Circuit.  "Evidence about the manner in which a confession was secured will often be germane to

its probative weight, a matter that is exclusively for the jury to assess."  Crane v. Kentucky, 476

U.S. 683, 688 (1986).  Further, the Federal Criminal Jury Instructions of the Seventh Circuit 3.02

provides that in determining the weight, if any, afforded a defendant's statement, the jury

"should consider all matters in evidence having to do with the statement, including those

concerning the defendant and the circumstances under which the statement was made."  Fed.

Crim. Jury Instr. 7th Cir. 3.02 (1999).  See also 1A Fed. Jury Prac. & Instr. §14:03 (6th Ed.)

(providing that the jury may consider the defendant's "treatment while in custody or under

interrogation" and "all other circumstances in evidence surround the making of the alleged

statement" in determining the knowingness and voluntariness of the statement, and the weight to be afforded the statement under the circumstances).

In conclusion, the facts and circumstances of the interrogation of Tahir Ramin relate directly to the knowingness and voluntariness of the statements made. These same facts and circumstances are also relevant to the weight such statements should be afforded by the jury. Without understanding all of the circumstances as to how the defendants came to the United States and were detained and interrogated, the jury would be unable to get a sense of the defendants' positions and motivations at the time the statements were made.

III.    THE GOVERNMENT'S MOTION IS PREMATURE

In any event, the government's motion to preclude evidence is premature. The government has not yet: (a) indicated whether it will call any or all of the material witnesses at trial; (b) indicated that it will seek to introduce the deposition transcript of any or all of the material witnesses; (c) in the event it seeks to introduce deposition transcripts, identified the questions and answers it would seek to strike; or (d) indicated whether it will attempt to introduce the statement of Tahir Ramin (which is still subject to a pending Motion to Suppress). As such, the government motion is premature and puts the cart before the horse.

For the reasons stated herein, the Ramins respectfully request that the government's motion to preclude evidence be denied.

DATED: January 15, 2010

Respectfully submitted,                            Respectfully Submitted,


/s/ Kirby D. Behre                                 /s/ Bradley J. Bolerjack

Kirby D. Behre                                     Steven A. Miller
Paul, Hastings, Janofsky & Walker LLP              Bradley J. Bolerjack
875 15th Street, NW                                REED SMITH LLP
Washington, DC 20001                               10 South Wacker Drive, Suite 4000
202.551.1700                                       Chicago, IL  60606
                                                   (312) 207-2411
*kirbybehre@paulhastings.com*                      *bbolerjack@reedsmith.com*
*Counsel to John Ramin*                            *Counsel to Tahir Ramin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of January 2010, the foregoing RESPONSE OF

JOHN RAMIN AND TAHIR RAMIN TO THE GOVERNMENT'S MOTION TO PRECLUDE

CERTAIN EVIDENCE was filed electronically using the ECF system which will send

notification of such filing to: counsel for the Government and defendants Christopher West,

Patrick Boyd, Tahir Ramin, Noor Alam, Northern Reconstruction Organization, Abdul Qudoos

Bakhshi, Naweed Bakhshi Company, and material witnesses Ziaulhaq, Bashir Ahmat and

Kiomars Rafi.


/s/ Kirby Behre

Kirby Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20001
202.551.1700
*kirbybehre@paulhastings.com*

*Counsel to John Ramin*

LEGAL_US_E # 86499701.1

8