# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CR 669 |
| v. | ) | |
| CHRISTOPHER WEST et al., | ) | JUDGE DAVID H. COAR |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is the Government's motion to admit statements of Tahir Ramin ("Tahir") as evidence against Defendants John Ramin ("John") and AZ Corporation ("AZ"), pursuant to Federal Rule of Evidence 801(d)(2)(D) [Dkt. 478]. For the reasons stated below, the Government's motion is DENIED.

## ANALYSIS

The Government moves to admit statements made by Tahir Ramin as vicarious admissions of John Ramin and AZ Corporation under Federal Rule of Evidence 801(d)(2)(D). Rule 801(d) defines statements that do not qualify as hearsay. In relevant part, Rule 801(d)(2)(D) describes as non-hearsay "statement[s] by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." At the time of his arrest, Tahir was vice president of AZ Corporation, while John served as president. The issue before the Court is whether Tahir's post-arrest statements, if admitted under 801(d)(2)(D) in unredacted form and without an opportunity for cross-examination, would violate the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004).

In *Crawford*, the Supreme Court held that the Confrontation Clause bars the admission of testimonial out-of-court statements, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. *Id.* at 68. In doing so, the Supreme Court dispensed with the reliability test articulated in *Ohio v. Roberts*, which admitted out-of-court statements if they fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." 448 U.S. 56, 66 (1980). As an initial matter, it is undisputed that Tahir's statements were testimonial in nature. *See Crawford*, 541 U.S. at 68 ("testimonial" applies "at a minimum to prior testimony . . . to police interrogations"). *Crawford* also applies to corporate defendants such as AZ. *See U.S. v. Petraia Maritime Ltd.*, 489 F.Supp.2d 90, 95 n. 4 (D. Me. 2007).

Although the Seventh Circuit has not directly ruled on the post-*Crawford* admissibility of a corporate defendant's vicarious admissions under 801(d)(2)(D), it has found no constitutional problems with admitting other categories of 801(d)(2) statements. *See U.S. v. Jenkins*, 419 F.3d 614, 618 (7th Cir. 2005) (holding that *Crawford* did not change the rules as to the admissibility of co-conspirator statements under 801(d)(2)(E)); *U.S. v. Tolliver*, 454 F.3d 660, 665-66 (7th Cir. 2006) (holding that *Crawford* was inapplicable and defendant's statements were admissible as non-hearsay under 801(d)(2)(A)). The Seventh Circuit's rationale is that *Crawford* only applies to hearsay, while 801(d)(A) and (E) statements are non-hearsay. *See id.*; *but see U.S. v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) ("*Crawford* stands for the proposition that it is improper in certain circumstances to admit hearsay testimony against the accused even if it falls into one of the hearsay exceptions.").[1]

---

[1] The Government reads *Jenkins* and *Tolliver* to hold that *Crawford* does not apply to any non-hearsay statement. I believe that such a reading is too broad. That belief is grounded in the text of *Crawford*: "we once again reject the view that the Confrontation Clause applies . . . only to in-court testimony, and that its application to out-of-court statements introduced at trial depends upon 'the law of Evidence for the time being.' Leaving the regulation of out-

Assuming, for argument, the soundness of the Government's reading of *Crawford*, the testimonial statement of a party's agent would run afoul of the Confrontation Clause if it fell outside the scope of 801(d)(2)(D). *Crawford* would apply, for example, if the statement was not made during the existence of the agency relationship. The Government argues that because Tahir was employed as vice president of AZ Corporation and reputedly served as John's right-hand man at the time of his arrest, he made his statements during the existence of his agency relationships with co-Defendants. This cursory approach only scratches the surface of the issue.

Typically, an agency relationship premised on employment lasts until the termination of said employment. *See Young v. James Green Mgmt.*, *Inc.*, 327 F.3d 616, 622-23 (7th Cir. 2003) (employee's accusations of race discrimination in a letter of resignation "plac[ed] himself in an adversarial relationship with [his employer]" and thus fell outside Rule 801(d)(2)(D)); *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996). As the Seventh Circuit explains, after an agent's term of employment has ended, "the justification for Rule 801(d)(2)(D) does not exist because [the agent] no longer [is] 'inhibited by [his] relationship with the principal from making erroneous or underhanded comments which could harm the principal.' " *Young*, 327 F.3d at 623 (quoting *Hernandez Escalante v. Municipality of Cayey*, 967 F.Supp. 47, 51 (D. P.R. 1997)). On the other hand, statements of present employees constitute admissions of corporate defendants

---

of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." *Crawford*, 541 U.S. at 50 (citations omitted). This Court reads *Crawford* to hold that the issue of whether an out-of-court statement violates the Confrontation Clause is <u>not</u> to be determined solely on the basis of whether the statement is admissible under the hearsay rule. *See id.* ("*ex parte* examinations might sometimes be admissible under modern hearsay rules, but the Framers certainly would not have condoned them.")

    The Government cites to the Seventh Circuit opinions in *Jenkins* and *Tolliver* to support its broader reading of *Crawford*. To be sure, there is language in those opinions which <u>suggests</u> that non-hearsay statements do not implicate *Crawford*. However, for reasons that will be explained later, it is unnecessary for this Court to resolve this apparent contradiction except to note that the statements in both *Jenkins* and *Tolliver* were not testimonial and therefore did not implicate the Confrontation Clause.

because "[a]gents are unlikely to make statements which harm their employers or principals during their employment." *Hernandez*, 967 F.Supp. at 51.

Under normal, non-adversarial circumstances, statements of a vice president like Tahir could qualify as non-hearsay admissions of John and AZ, so long as Tahir was employed while making them. *See U.S. v. Paxson*, 861 F.2d 730, 734-35 (7th Cir. 1988) (statements made by non-defendant vice president to a witness were admissible as admissions of company president under 801(d)(2)(D)); *U.S. v. Brothers Const. Co. of Ohio*, 219 F.3d 300, 310-11 (4th Cir. 2000) (statement to a grand jury by a non-defendant corporate official considered an admission by a corporate defendant under 801(d)(2)(D)).

However, courts have found that intervening events can terminate the agency relationship, despite the continued employment of the declarant, such that statements made afterwards constitute hearsay under Rule 801. *See, e.g.*, *United States v. Summers*, 598 F.2d 450, 459 (5th Cir. 1979) (district court erred in admitting statements made by defendant's agent because declarant made statements after he began cooperating with the FBI, an act that terminated the agency relationship); *S.E.C. v. Geon Industries, Inc.*, 531 F.2d 39, 43 (2d Cir. 1976) (where firm and employee clearly had conflicting litigating positions in potential lawsuit, and firm had suspended employee, district court's refusal to consider employee's statements as admissions under Rule 801(d)(2)(D) was proper); *Petraia*, 489 F.Supp.2d at 96-97 (employees' statements, made after entering into cooperation/immunity agreements with the Government, were not admissions made during the course of the agency relationship because employees' interests had diverged significantly and become adverse from those of the employer).

In the instant case, Tahir made statements incriminating John and AZ after he was taken into custody by law enforcement agents. He was given thorough *Miranda* warnings, which

established that his answers could be used against him in a court of law. *See* [Dkt. 490]. Tahir's interviewing agents told him that Tahir and his company were subjects of a criminal investigation into bribery and corruption at Bagram Air Force Base. *Id.* Thereafter, Tahir's interests diverged from those of John and AZ, seeing as his general strategy was to deny substantive responsibility and pin the blame on John, the president of AZ. Because Tahir was no longer restrained by the inhibitions that normally prevent an employee from making harmful statements against his employer, Tahir's agency relationship with John and AZ effectively ended (for purposes of his testimonial statements) when he was taken into custody for a case that pitted his interests against theirs. Tahir's post-arrest statements fall outside the scope of 801(d)(2)(D) and under the purview of the Confrontation Clause.

The Court further notes that Tahir's statements are precisely the kind of evidence that the Supreme Court in *Crawford* sought to bar under the Confrontation Clause. According to the *Crawford* Court,

> The unpardonable vice of the *Roberts* test . . . is not its unpredictability, but its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude. Despite the plurality's speculation in *Lilly v. Virginia*, 527 U.S. 116, 137 (1999), that it was "highly unlikely" that accomplice confessions implicating the accused could survive *Roberts*, courts continue routinely to admit them. *See U.S. v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 245 (4th Cir. 2001).

541 U.S. at 63-64 (other internal citations omitted). In *United States. v. Photogrammetric Data Services* ("*PDS*"), listed above as illustrative of this common Confrontation Clause violation, a corporation and its manager were charged with highway project fraud and mail fraud, for inflating invoices passed on to the Virginia Department of Transportation. 259 F.3d at 236. During a non-custodial interview with law enforcement agents, the defendant manager made a number of inculpatory (and marginally exculpatory) statements. *Id.* at 243-44. The Fourth

Circuit found that the district court properly admitted these statements against the co-defendant employer under Rule 801(d)(2)(D). *Id.* at 243. Under a separate analysis, the Fourth Circuit raised but ultimately avoided the question of whether the agent's statements to the police violated the Confrontation Clause for falling outside a "firmly rooted" exception to the hearsay rule, in light of the relatively recent broadening of Rule 801(d)(2)(D). The *PDS* court found it unnecessary to decide the issue because it was sufficient, under now-abrogated *Ohio v. Roberts*, that the agent's statements contained "particularized guarantees of trustworthiness." *See id*. at 244-45.

The Supreme Court did not specify whether or which additional parts of the Fourth Circuit's 801(d)(2)(D) analysis, beyond the application of the *Roberts* reliability test, were calculated in error so as to produce the unconstitutional result. However, the Supreme Court generally remarked that Sixth Amendment protections were never intended to submit to "the vagaries of the rules of evidence." *Crawford*, 541 U.S. at 61.[2] Ultimately, "[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices. . . . *[E]x parte* examinations might sometimes be admissible under modern hearsay rules, but the Framers certainly would not have condoned them." *Id.* at 51; *see also Lilly*, 527 U.S. at 133 ("an accomplice's statements that shift or spread the blame to a criminal defendant [fall] outside the

---

[2] In the most recent version of Rule 801(d)(2)(D), the Advisory Committee broadened the traditional exception for agents' statements. Previously, the rule only allowed for the admission of statements "made by the agent acting in the scope of his employment," and not for all "statements related to a matter within the scope of the agency or employment," as it now does. The Advisory Committee altered the rule because few principals employ agents for the purpose of making damaging statements, and "dissatisfaction with this loss of valuable and helpful evidence has been increasing." Fed. R. Evid. 801(d)(2)(D) Advisory Committee's Note. The amendment thus reflected "a substantial trend" in favor of admitting statements related to matters within the scope of the agency. *Id.*

realm of those "hearsay exception[s] [that are] so trustworthy that adversarial testing can be expected to add little to [the statements'] reliability.") [3]

The instant case is distinguishable from *PVS* in that Tahir was subject to a custodial, rather than a non-custodial, interrogation. But this factor only makes Tahir's statements more testimonial, and thus in even greater need of cross-examination. All in all, Tahir's interrogation with government agents did not occur during the existence of his agency relationship with AZ and John. His post-arrest statements cannot be admitted as vicarious admissions of co-Defendants under Rule 801(d)(2)(D). Unless adequately redacted and presented with proper limiting instructions, *see Richardson v. Marsh*, 481 U.S. 200, 208-09 (1987), admission of Tahir's testimonial statements without an opportunity for cross-examination would violate the Confrontation Clause.

## CONCLUSION

For the foregoing reasons, the Government's motion [Dkt. 478] is DENIED. The Court, on its own motion, takes AZ Corporation's motion to sever [Dkt. 441] under reconsideration, for ruling in conjunction with John's motion to sever [Dkt. 358]. To aid in the Court's assessment of these motions, the Government shall submit a list of the statements by Tahir Ramin that federal agents will testify to at trial, under the previously established schedule.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** July 6, 2010

---

[3] Statements by co-conspirators under 801(d)(2)(E), which remain unaffected by *Crawford* in many circuits, may be distinguishable from other hearsay exceptions under 801(d)(2) because, according to the Supreme Court, "statements in furtherance of a conspiracy" are "not testimonial." 541 U.S. at 56.