**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 08 CR 669 |
| | ) | |
| CHRISTOPHER WEST, et al. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants have filed a motion in which they contend they have been selectively prosecuted "in contravention of [their] fundamental constitutional rights." Defs.' Mot. at 1 (docket no. 728). They seek discovery and an evidentiary hearing to establish their contention as a predicate for dismissal of the charges against them. For the reasons stated below, the Court denies defendants' motion.

### Factual background

Defendants are charged in connection with several allegedly interrelated schemes to bribe Army personnel to obtain contracts to supply "bunkers and barriers" at Bagram Air Field (BAF) in Afghanistan. The defendants are also charged with falsely inflating the number of bunker and barriers they delivered to BAF.

The defendants are Afghan nationals, though certain of them are U.S. citizens. In their motion, they contend that:

> 1) the decision to charge only the four defendants in this case and none of the hundreds, or even thousands, or other foreign nationals whom the government believes have given bribes in Afghanistan, Iraq, and Kuwait is wholly arbitrary and unprincipled; 2) only Afghan contractors without political affiliation with President Karzai, or certain warlords, are being charged; and 3) charging only these four defendants and no other

> alleged foreign national bribe givers serves no legitimate prosecutorial purpose.

Defs.' Mot. at 1-2.

Claims of selective prosecution in federal court are governed by the equal protection component of the Fifth Amendment's Due Process Clause. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). "[T]he decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

To obtain an evidentiary hearing, a defendant must make out a *prima facie* case of selective prosecution, which consists of a showing that he was singled out for prosecution while other violators similarly situated were not prosecuted and that the decision to prosecute was based on an arbitrary classification such as race, religion, or the exercise of constitutional rights. *United States v. Darif*, 446 F.3d 701, 708 (7th Cir. 2006). "To obtain an evidentiary hearing, the factual basis for these claims must be more than colorable. In other words, a defendant must proffer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *United States v. Cyprian*, 23 F.3d 1189, 1195 (7th Cir. 1994).

Defendants have not presented evidence tending to show that they were singled out based on their Afghan nationality or that contractors of other nationalities have not been prosecuted. Indeed, defendants' own claims undermine any such contention. In their opening brief, defendants state that only seven of the government's current cases now target Afghanistan, acknowledging that "[m]any more prosecutions have originated in Iraq and Kuwait." Defs.' Mot. at 8-11. They also allege that "similarly situated

2

defense contractors in Afghanistan" have not been prosecuted.  *Id.* at 12.

Defendants' contention that they were prosecuted due to their purported lack of political ties to Hamid Karzai, the president of Afghanistan, likely does not involve a constitutionally protected classification, because it does not concern a domestic political affiliation.  Even if it did, defendants have presented no evidence that they lacked political ties to president Karzai.  Indeed, as the government points out, defendants previously provided pictures of themselves with a high-ranking Afghan government official –  the vice president of Afghanistan – to support a request to travel to Afghanistan.  *See* Govt.'s Resp., Ex. C.  They also previously argued to Judge David Coar that president Karzai had used "personal intervention" on their behalf in connection with a water bottling plant dispute.  *Id.*, Ex. D at 24.  In any event, defendants offer no evidence that similarly situated contractors who have ties to president Karzai have not been prosecuted.  Evidence of widespread corruption in Afghanistan and the U.S. military's claimed toleration of that corruption is insufficiently particularized to make the necessary showing.

Defendants' contention that they have been prosecuted due to their purported lack of political ties to Afghan warlords likewise probably does not involve a constitutionally protected classification.  Even if it did, defendants have offered no evidence that similarly situated contractors who have ties to warlords have not been prosecuted.  Their chief evidence appears to be the lack of prosecution of contractors who are Afghan nationals in any of the six other pending federal criminal cases concerning bribery in Afghanistan.  Defendants simply assert, without supporting evidence, that they "have reason to believe that Afghan warlords are at least partial

owners" of the contracting companies involved in one of those cases. Defs.' Mot. at 10. This bare claim is insufficient without some evidentiary basis to support it, which defendants have not offered. In addition, the government has persuasively rebutted defendants' contention by showing that several of these cases in fact include charges against foreign or dual nationals, including at least one that involved Afghan-American contractors. *See* Govt.'s Resp. at 5; *see also* Defs.' Reply at 6-8.

As the Supreme Court has stated,

> [i]n our criminal justice system, the Government retains broad discretion as to whom to prosecute. So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

*Wayte v. United States*, 470 U.S. 598, 607-08 (1985). Though a prosecutor's discretion is "'subject to constitutional constraints,'" *Armstrong*, 517 U.S. at 464 (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979), defendants have failed to establish a *prima facie* case of impermissible selective prosecution as necessary to overcome the "'presumption of regularity'" that applies to the decision whether to prosecute a particular defendant on particular charges. *Armstrong*, 517 U.S. at 464 (quoting *United*

4

*States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)).

## Conclusion

For the reasons stated above, the Court denies defendants' motion for discovery and a hearing to establish selective prosecution [docket no. 728].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 7, 2011