# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 08 CR 669 |
| | ) | |
| CHRISTOPHER WEST, et al. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants have moved to exclude evidence of other crimes, specifically, "any evidence relating to the Hawaii indictment." This is a reference to the indictment in *United States v. Finch*, Cr. No. 10-0333 SOM (D. Haw.), in which defendants John Ramin, Tahir Ramin, and AZ Corp. have been charged with bribing U.S. Army Sgt. Charles Finch to award AZ a contract for "line haul" services at Bagram Air Field in Afghanistan. The Finch bribery scheme is not the basis for any of the charges in the present case.

The defendants contend that the government used the Hawaii grand jury to gather evidence to support the already-pending charges in this case. In their motion, however, defendants request relief than simply excluding evidence gained via the Hawaii grand jury. Instead, they ask the Court to bar the government from offering any evidence regarding the Finch bribery scheme, irrespective of whether the government obtained the evidence via the Hawaii grand jury.

The government represented to the District Court in Hawaii that it would not use in its case in chief in the present case any evidence collected by the Hawaii grand jury.

It repeated that commitment in oral argument on the present motion. It objects, however, to an order barring admission of evidence regarding the conduct with which the Ramins and AZ are charged in the Hawaii case. The government represents that it has evidence regarding the alleged bribery scheme regarding Finch that it obtained independently of the Hawaii grand jury and that it intends to introduce that evidence at trial in this case.

In their reply brief, defendants argue that the government's commitment only to refrain from offering evidence gathered by the Hawaii grand jury, and not all evidence regarding the Finch bribery scheme, would require further proceedings to determine whether particular testimony or documents the government offers were, in fact, obtained via the Hawaii grand jury. The government represented at oral argument, however, that the Hawaii grand jury did not subpoena any records and did not hear testimony from any occurrence witnesses other than two relatives of the Ramins, whom the government does not intend to call as witnesses in the present case. In short, the government represents that it obtained independently of the Hawaii grand jury all the evidence it intends to offer in this case regarding the Finch bribery scheme.

## Discussion

The government's representation that it will not offer any evidence it obtained via the Hawaii grand jury is sufficient. There is no need for any sort of a "taint" hearing.

Courts give grand jury proceedings a presumption of regularity. *See United States v. Johnson*, 319 U.S. 503, 513 (1943). This applies even after the grand jury has returned an initial indictment. *See, e.g., United States v. Flemmi*, 245 F.3d 24, 28

(1st Cir. 2001). Thus, as a general rule, the government may use evidence obtained pursuant to an ongoing grand jury investigation at trial on the initial charges. *Id.*

The government may not use the grand jury for the sole or primary purpose of obtaining evidence to conduct discovery or obtain more evidence on charges that are already pending. *United States v. Badger*, 983 F.2d 1443, 1458 (7th Cir. 1993); *United States v. Thompson*, 944 F.2d 1331, 1337 (7th Cir.1991). But the government may conduct a grand jury investigation to obtain additional charges against an already-indicted defendant (the most obvious example is a superseding indictment in an already-pending case, which is commonplace). *See Badger*, 98 3 F.2d at 1458. Thus there was nothing improper about the government's investigation of the Finch bribery scheme, a separate criminal episode, via the Hawaii grand jury. "[A] good faith inquiry into other charges within the scope of the grand jury's lawful authority is not prohibited even if it uncovers further evidence against an indicted person." *In re Grand Jury Proceedings (Appeal of Johanson)*, 632 F.2d 1033, 1041 (3d Cir. 1980).

The government is permitted to use at a trial on earlier charges evidence that it obtained later via a grand jury that was primarily investigating other crimes. *Id.; see also, e.g., In re Grand Jury Proceedings (Appeal of Fernandez Diamante)*, 814 F.2d 61, 70 (1st Cir. 1987). As the Seventh Circuit stated in *United States v. Braasch*, 505 F.2d 139 (7th Cir. 1974), "the Government has every right to interrogate witnesses on subjects relevant to a continuing grand jury investigation even when the evidence received may also relate to a pending indictment." *Id.* at 147.

There is nothing in the record to support a contention that the government used the Hawaii grand jury to continue its investigation of the charges in the present case or to assist in preparing the present case for trial. Rather, based on the record before the Court, the Hawaii grand jury was investigating separate charges against the Ramins and AZ, which ultimately resulted in a separate indictment. The defendants have failed to rebut the presumption of regularity that applies to the Hawaii grand jury's work.

It is a separate question whether the rules of evidence permit the government to introduce evidence regarding the alleged Finch bribery scheme at trial in the present case. Defendants do not argue in their current motion that this evidence is irrelevant or otherwise inadmissible. The Court will address that issue if and when defendants raise it. Defendants' only argument in this regard in their present motion appears to be that the Court should exclude this evidence because it was gathered by a grand jury after the defendants were charged in the present case. They cite no authority supporting the proposition that this by itself makes the evidence inadmissible, nor is the Court aware of any such authority.

**Conclusion**

For the reasons stated above, the Court denies defendants' motion to exclude evidence regarding the Finch bribery scheme [docket no. 712]. The Court will, however, hold the government to the written and verbal representations that it made to the court in Hawaii and to this Court regarding these matters.

<br>

MATTHEW F. KENNELLY
United States District Judge

Date: March 7, 2011

4